FILED
CLERK, U.S. DISTRICT COURT

APR 1 5 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BENJAMIN TILLMAN,                 )    NO. CV 07-6306-MMM(E)
                                  )
                Petitioner,       )
                                  )    ORDER ADOPTING FINDINGS,
        v.                        )
                                  )    CONCLUSIONS AND RECOMMENDATIONS
J.L. NORWOOD, Warden,             )
                                  )    OF UNITED STATES MAGISTRATE JUDGE
                Respondent.       )
_____)

        Pursuant to 28 U.S.C. § 636, the Court has reviewed the
Petition, all of the records herein and the attached Report and
Recommendation of United States Magistrate Judge.  The Court approves
and adopts the Magistrate Judge's Report and Recommendation.

        IT IS ORDERED that Judgment be entered denying and dismissing
the Petition without prejudice.

///

///

///

///

1      IT IS FURTHER ORDERED that the Clerk serve copies of this

2 Order, the Magistrate Judge's Report and Recommendation and the

3 Judgment herein by United States mail on Petitioner and counsel for

4 Respondent.

5

6      LET JUDGMENT BE ENTERED ACCORDINGLY.

7

8      DATED:     APR 1 4 2009

9

10

11

12      MARGARET M. MORROW
     UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   BENJAMIN TILLMAN,                )   NO. CV 07-6306-MMM(E)
                                      )
12             Petitioner,            )
                                      )
13        v.                          )   REPORT AND RECOMMENDATION OF
                                      )
14   J.L. NORWOOD, Warden,            )   UNITED STATES MAGISTRATE JUDGE
                                      )
15             Respondent.            )
     _____ )
16

17

18        This Report and Recommendation is submitted to the Honorable

19   Margaret M. Morrow, United States District Judge, pursuant to 28

20   U.S.C. § 636 and General Order 05-07 of the United States District

21   Court for the Central District of California.

22

23                           PROCEEDINGS

24

25        On September 27, 2007, Petitioner filed a Petition for Writ of

26   Habeas Corpus by a Person in Federal Custody (the "Petition"),

27   purportedly under 28 U.S.C. section 2241, and a brief in support

28

1 | thereof.[1]/   Respondent filed a motion to dismiss the Petition (the
2 | "Motion to Dismiss") for lack of jurisdiction.  See "Government's
3 | Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28
4 | U.S.C. § 2241, etc.," filed November 9, 2007.  Petitioner filed an
5 | opposition on November 29, 2007.  See "Petitioner's Reply to the
6 | Government's 'Inadequate' Motion, etc."  Respondent filed a reply on
7 | December 28, 2007.  Petitioner filed a surreply on February 4, 2008.
8 | See "Pro Se Letter to the Honorable Charles F. Eick," filed
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |        [1]     Petitioner also filed two motions asking the Court to
17 | take judicial notice of published cases, including Lopez v.
     | Gonzales, 127 S. Ct. 625, 166 L.Ed.2d 462 (2006) and Poole v.
18 | Dotson, 469 F. Supp. 2d 329 (D. Md. 2007).  See "Motion for this
     | Honorable Court to Take Judicial Notice of [Lopez], etc.," filed
19 | September 27, 2007, and "Motion for this Honorable Court to Take
     | Judicial Notice of [Poole], etc.," filed November 29, 2007.
20 | The Court may consider these cases without taking judicial notice
     | of them.  See Hyde v. Paskett, 383 F. Supp. 2d 1256, 1262-63 (D.
21 | Idaho 2005); cf. Hayward v. Marshall, 512 F.3d 536, 541 n.5 (9th
22 | Cir. 2008) (construing request for judicial notice of case
     | authorities as citation of supplemental authorities and denying
23 | request for judicial notice as moot); D'Agostin v. Hernandez,
     | 2007 WL 2481461 *2-*3 (S.D. Cal. Aug. 29, 2007) (same).
24 | Petitioner's motions therefore are denied as moot.
25 |
     |        For the same reasons, Petitioner's "letter" filed on
26 | January 4, 2008, requesting that the Court consider United States
     | v. Burgess, 478 F.3d 658 (4th Cir. 2007), cert. granted, 128 S.
27 | Ct. 740, 169 L.Ed.2d 578 (U.S. Dec. 7, 2007) (No. 06-11429), is
28 | denied as moot.  The Court has considered these cases and
     | Petitioner's argument.

1  February 4, 2008.[2]  Petitioner filed another "Pro Se Letter to the

2  Honorable Charles F. Eick" on February 20, 2008.

3

4  BACKGROUND[3]

5

6  In 1997, in the Northern District of Florida, a jury found

7  Petitioner guilty of conspiracy to possess cocaine base with intent to

8  distribute, in violation of 21 U.S.C. section 846 (Petition at 2;

9  Motion to Dismiss at 3-4, Exhibit A).  The United States District

10  Court for the Northern District of Florida sentenced Petitioner to

11  federal prison for a term of 480 months, followed by 10 years of

12  supervised release pursuant to 21 U.S.C. sections 841(a)(1) and

13  (b)(1)(a), enhanced by Petitioner's prior Florida felony drug offense

14

15

16

17

18

19

20  [2]  Petitioner filed a motion asking the Court to enforce

21  an alleged "oral stipulation" made by the United States Attorney
    at Petitioner's sentencing proceedings in Florida.  See "Motion

22  for this Honorable Court to 'Enforce' an 'Oral Stipulation,'
    etc.," filed on January 8, 2008.  Petitioner cites to a colloquy

23  concerning "revisiting" the enhancement to his sentence if
    Petitioner were to challenge his earlier Florida possession

24  conviction.  Id. at pp. 4-5.  For the same reasons discussed

25  herein, this Court lacks jurisdiction to grant the relief
    requested in the motion.  Accordingly, the motion is denied

26  without prejudice.

27  [3]  The procedural history underlying Petitioner's claim is
    extensive.  See Exhibits A and C to Motion to Dismiss.  The Court

28  discusses the salient procedural history herein.

3

1 (Petition at 2; Motion to Dismiss at 5, Exhibits A, B and D).[4/]

3 The United States Court of Appeals for the Eleventh Circuit
4 affirmed Petitioner's conviction and sentence in 1998. See Petition
5 at 2; Motion to Dismiss, Exhibit A; United States v. Tillman, 138 F.3d
6 957 (11th Cir. 1998). On October 5, 1998, the United States Supreme
7 Court denied Petitioner's petition for writ of certiorari. Tillman v.
8 United States, 525 U.S. 899 (1998) (No. 98-5339).

10 Petitioner then filed a motion under 28 U.S.C. section 2255
11 with the District Court for the Northern District of Florida alleging
12 ineffective assistance of trial counsel and prosecutorial misconduct
13 (Petition at 4; Motion to Dismiss, Exhibit A). The District Court
14 denied Petitioner's motion on January 2, 2001 (Id.). The District
15 Court subsequently denied Petitioner's motion for a certificate of
16 appealability, and the Eleventh Circuit Court of Appeals dismissed
17 Petitioner's appeal of the denial of the section 2255 motion (Motion
18 to Dismiss, Exhibit A).

20 Petitioner filed a second section 2255 motion with the District
21 Court for the Northern District of Florida on January 22, 2002 (Motion
22 to Dismiss, Exhibit A). The District Court denied that motion on

24 [4] The enhancement provision in section 841 provides:

25 If any person commits such a violation after a prior
conviction for a **felony drug offense** has become final,
26 such person shall be sentenced to a term of
imprisonment which may not be less than 20 years and
27 not more than life imprisonment. . .

28 See 21 U.S.C. 841(b)(1)(A) (emphasis added).

4

 1  May 9, 2002 (<u>Id.</u>).  Once again, the District Court denied Petitioner's
 2  motion for a certificate of appealability, and the Eleventh Circuit
 3  Court of Appeals dismissed Petitioner's appeal of the denial of this
 4  section 2255 motion (<u>Id.</u>).

 5

 6      On May 27, 2003, Petitioner filed a petition for writ of habeas
 7  corpus, purportedly pursuant to 28 U.S.C. section 2241, in the
 8  District Court for the Eastern District of Texas (Motion to Dismiss,
 9  Exhibit C).  The District Court denied the petition for failing to
10  meet the "savings clause" for a second or successive petition under
11  28 U.S.C. section 2255 (<u>Id.</u>).  The Fifth Circuit Court of Appeals
12  affirmed the District Court's denial on February 4, 2004 (<u>Id.</u>).

13

14      On June 22, 2007, after the decision in <u>Lopez v. Gonzalez</u>, 549
15  U.S. ___, 127 S. Ct. 625 (2006) ("<u>Lopez</u>"),[5/] Petitioner filed a motion

16  _____

17      [5]   In <u>Lopez</u>, the Supreme Court resolved a split in the
     Circuits concerning the interpretation of what constitutes a
18  prior "aggravated felony" conviction under the Immigration and
     Naturalization Act ("INA"), 8 U.S.C. §§ 1101 <u>et seq</u>.  <u>Lopez</u>, 127
19  S. Ct. at 629 (overruling <u>United States v. Ibarra-Galindo</u>, 206
     F.3d 1337 (9th Cir. 2000), as recognized in <u>United States v.</u>
20  <u>Figueroa-Ocampo</u>, 494 F.3d 1211, 1216 (9th Cir. 2007) (noting that
     <u>Lopez</u> applies in both criminal sentencing and immigration
21  matters, where appellant was sentenced under the Federal
22  Sentencing Guidelines)).

23      Lopez, a legal permanent resident, was convicted of a felony
24  in South Dakota for aiding and abetting another person's
     possession of cocaine and was sentenced to five years
25  imprisonment.  The government commenced removal proceedings upon
     Lopez's release from prison based on Lopez's prior South Dakota
26  conviction being a "drug trafficking crime" - an "aggravated
     felony" under the INA.  <u>Lopez</u>, 127 S. Ct. at 628; <u>see also</u> 8
27  U.S.C. §§ 1101(a)(43)(B) and 1227(a)(2)(A)(iii).  The INA
28  definition of "aggravated felony" includes a "drug trafficking
                                              (continued...)

1  for resentencing with the District Court for the Northern District of

2  Florida (Motion to Dismiss, Exhibit A).  The District Court denied

3  that motion for lack of jurisdiction, but also noted that if it did

4  have jurisdiction, "the motion would have to be denied because Lopez

5  does not apply to sentence enhancements under [21 U.S.C. sections

6  841(b)(1)(A) and 802(44)] (Motion to Dismiss, Exhibit D).

7

8      Petitioner then filed with the Eleventh Circuit Court of

9  Appeals an application for leave to file a second or successive

10  section 2255 motion based on the Lopez decision (Motion to Dismiss,

11  Exhibit E).  On August 22, 2007, the Eleventh Circuit denied the

12  application, ruling:

13

14      The Supreme Court has not made Lopez retroactively

15      applicable to cases on collateral review.  See generally

16      Lopez, 549 U.S. at ___, 127 S.Ct. at 627-33.

17      Furthermore, even if Tillman's "evidence" is newly

18      discovered, it does not relate to his guilt, only to his

19      sentence, and the "newly discovered evidence" exception

20

21
                    5(...continued)
22  crime" as "any felony punishable under the Controlled Substances
    Act (21 U.S.C. § 801 et seq. ["CSA"])."  See 8 U.S.C. §
23  1101(a)(43)(B) (incorporating by reference 18 U.S.C. § 924(c));
    18 U.S.C. § 924(c)(2).  While Lopez's South Dakota possession
24  conviction was a felony under state law, it is not a felony under
    the CSA.  Lopez, 127 S. Ct. at 629; see also 21 U.S.C. § 844(a).
25  Given this distinction, the Supreme Court held that Lopez's prior
    conviction could not form the basis for removal proceedings under
26  the INA.  Lopez, 127 S. Ct. at 622-23.  In order for a state
    offense to be a "felony punishable under the [CSA]," the offense
27  must proscribe conduct punishable as a felony under the CSA.  Id.
    at 633.
28

1    under § 2255 does not apply to sentencing claims.  <u>In re</u>

2    <u>Dean</u>, 341 F.3d 1247, 1248 (11th Cir. 2003).  Therefore,

3    Tillman has not satisfied either criteria permitting the

4    granting of his application to file a second or

5    successive § 2255 motion.

6

7    Motion to Dismiss, Exhibit E at 2.

8

9        Petitioner then filed the present Petition seeking to challenge

10   the legality of Petitioner's Florida sentence (Petition at 2).

11   Petitioner argues here (as he did in Florida) that the <u>Lopez</u> ruling

12   renders his sentence unlawful because the prior Florida state "felony"

13   for possession of cocaine used to enhance his sentence assertedly is

14   not a felony under federal law.  <u>See</u> Brief filed in Support of

15   Petition at 7-14.

16

17                              **DISCUSSION**

18

19       A federal prisoner who contends that his or her conviction or

20   sentence is subject to collateral attack "may move the court which

21   imposed the sentence to vacate, set aside or correct the sentence."

22   28 U.S.C. § 2255.  A prisoner generally may not substitute a habeas

23   petition under 28 U.S.C. section 2241 for a section 2255 motion.

24

25       An application for a writ of habeas corpus in behalf of

26       a prisoner who is authorized to apply for relief by

27       motion pursuant to this section, shall not be

28       entertained if it appears that the applicant has failed

7

1               to apply for relief, by motion, to the court which

2               sentenced him, or that such court has denied him relief,

3               unless it also appears that the remedy by motion is

4               inadequate or ineffective to test the legality of his

5               detention.

6

7  28 U.S.C. § 2255; see also Stephens v. Herrera, 464 F.3d 895, 897-899

8  (9th Cir. 2006), cert. denied, 127 S. Ct. 1896 (2007) (discussing

9  same); Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely

10  labeling a section 2255 motion as a section 2241 petition does not

11  overcome the bar against successive 2255 motions."); Hernandez v.

12  Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (discussing purpose of

13  enacting section 2255); 3 Wright, Federal Practice & Procedure:

14  Criminal 3d § 591 (2007).

15

16       "Under the savings clause of § 2255, however, a federal

17  prisoner may file a habeas corpus petition pursuant to § 2241 to

18  contest the legality of a sentence where his remedy under section 2255

19  is 'inadequate or ineffective to test the legality of his detention.'"

20  Hernandez v. Campbell, 204 F.3d at 864-65; see also Stephens v.

21  Herrera, 464 F.3d at 897.  This "savings clause" exception to section

22

23

24

25

26

27

28

1  2255 exclusivity is a "narrow" exception.[6/]  Ivy v. Pontesso, 328 F.3d

2  1057, 1059-60 (9th Cir.), cert. denied, 540 U.S. 1051 (2003); United

3  States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997).  As discussed

4  below, this narrow exception has no application in the present case.

5

6       Here, Petitioner asserts he meets the savings clause exception

7  because he is "factually innocent of his enhanced sentence" since

8  Petitioner's Florida felony possession conviction assertedly could not

9  properly have enhanced his sentence because of Lopez.  See Brief in

10 Support of Petition at 32-34.  Petitioner also claims he has not had

11 an "unobstructed procedural shot" to present his Lopez claim to the

12 sentencing court (Id. at 36).

13

14 _____

[6]     For instance, mere lack of success in the sentencing

15 court does not make the section 2255 remedy "inadequate or
ineffective."  Boyden v. United States, 463 F.2d 229, 230 (9th

16 Cir. 1972), cert. denied, 410 U.S. 912 (1973); see also Tripati
v. Henman, 843 F.2d at 1162-63.  If the rule were otherwise,

17 every disappointed prisoner/movant incarcerated in a district
different from the sentencing district could pursue a repetitive

18 section 2241 petition in the district of incarceration.

19     Similarly, neither the enforcement of the statute of

20 limitations nor the enforcement of restrictions on successive
2255 motions renders the section 2255 remedy "inadequate or

21 ineffective" within the meaning of the statute.  See United
States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (the

22 possibility that a section 2255 remedy, once available, now may
be barred by the applicable statute of limitations does not

23 render the section 2255 remedy "inadequate or ineffective");
Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999) (same);

24 Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("The
general rule in this circuit is that the ban on unauthorized

25 second or successive petitions does not per se make § 2255
'inadequate or ineffective.'" (quoting section 2255)); Moore v.

26 Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), cert. denied, 528 U.S.
1178 (2000) (dismissal of a section 2255 motion as successive

27 does not render the section 2255 remedy "inadequate or
ineffective").

28

9

1    In <u>Lorentsen v. Hood</u>, 223 F.3d 950, 954 (9th Cir. 2000), the
2    Ninth Circuit left open the issue of whether the "savings clause"
3    applies to "a federal prisoner who is 'actually innocent' of the crime
4    of conviction, but who never has had 'an unobstructed procedural shot'
5    at presenting a claim of innocence." <u>See also</u> <u>Ivy v. Pontesso</u>, 328
6    F.3d 1057, 1059-60 (9th Cir. 2003) (also leaving issue open); <u>but see</u>
7    <u>Stephens v. Herrera</u>, 464 F.3d at 898 (stating "we have held" that the
8    savings clause applies where an actually innocent prisoner has never
9    had an "unobstructed procedural shot").  "[T]o establish actual
10   innocence, petitioner must demonstrate that, in light of all the
11   evidence, it is more likely than not that no reasonable juror would
12   have convicted him."  <u>Bousley v. United States</u>, 523 U.S. 614, 623
13   (1998) (citation and quotations omitted).  Although Petitioner in the
14   present case incants the phrase "factually innocent" in arguing he
15   could not have been guilty of his "enhanced sentence," Petitioner
16   falls short of the requisite demonstration of actual innocence.
17   Petitioner was not found guilty of a sentence.  Rather, Petitioner was
18   found guilty of conspiracy to possess cocaine base with intent to
19   distribute.  Petitioner makes no claim that he is actually or
20   factually innocent of that crime.

21

22   The present Petition also fails to qualify for "savings clause"
23   treatment for an independently sufficient reason.  In <u>Ivy v. Pontesso</u>,
24   328 F.3d at 1059, the Ninth Circuit held that "actual innocence"
25   claims cannot qualify under the "savings clause" where the petitioner
26   previously had an opportunity to raise the subject claims by section
27   2255 motion.  "In other words, it is not enough that the petitioner is
28   presently barred from raising his claim of innocence by motion under

1 § 2255.  He must never have had the opportunity to raise it by

2 motion."  Id. at 1059.  Here, assuming that Petitioner's allegations

3 go to actual or factual innocence (as opposed to the appropriateness

4 of his sentence), the record shows that Petitioner has had an

5 opportunity to raise his Lopez claim with the sentencing court.  In

6 fact, Petitioner previously filed a motion for resentencing with the

7 Florida District Court.  See Motion to Dismiss, Exhibit D.

8

9    Petitioner's criticisms of the Florida District Court's

10 adjudication of Petitioner's motion are of no moment here.  First,

11 disagreement with the manner or substance of the Florida District

12 Court's adjudication of Petitioner's claim is not tantamount to a lack

13 of opportunity to raise his claim.  See Tripati v. Henman, 843 F.2d at

14 1162-63.  To rule otherwise would widen the narrow "savings clause"

15 exception beyond any definable boundary.  Second, Petitioner's

16 remedies for errors allegedly committed by the Florida District Court

17 lie with the Eleventh Circuit and the United States Supreme Court, not

18 with this Court.  See Application of Pierce, 246 F.2d 902 (9th Cir.

19 1957); see also Wallace v. Willingham, 351 F.2d 299, 300 (10th Cir.

20 1965) (remedy for error committed in section 2255 proceeding "does not

21 lie in this [sic] habeas corpus proceedings.  Habeas is not an

22 additional, alternative or supplemental remedy.  Nor is it available

23 to review judgments in 2255 proceedings").  As summarized above,

24 Petitioner previously sought relief with the Eleventh Circuit

25 following the Florida District Court's denial of the resentencing

26 motion.  See Motion to Dismiss, Exhibit E at 2.  Third, to the extent

27

28

1 | Petitioner complains of the Eleventh Circuit's adjudication,[7] again,

2 | Petitioner's remedies do not include review by this Court. <u>See</u>

3 | <u>Feldman v. Henman</u>, 815 F.2d 1318, 1322 (9th Cir. 1987) ("habeas corpus

4 | review in district court does not extend to matters already decided by

5 | [the circuit court].").[8]

6 | ///

7 | ///

8 | ///

9 | ///

10 | ///

11 | ///

12 | ///

13 | ///

14 | ///

15 | ///

16 | ///

17 |

18 |   [7]   Contrary to Petitioner's assertion, <u>Wofford v. Scott</u>,

19 | 177 F.3d 1236 (11th Cir. 1999), does not alter the Court's
conclusion that Petitioner fails to qualify for savings clause

20 | treatment.  In <u>Wofford</u>, the Eleventh Circuit applied the savings
clause where, <u>inter alia</u>, the claim was based on a retroactively

21 | applicable Supreme Court decision establishing that the
petitioner had been convicted of a non-existent offense.  <u>Id.</u> at

22 | 1244.  The Ninth Circuit has not adopted this holding.  In
<u>Lorentsen v. Hood</u>, 223 F.3d at 954, the Ninth Circuit declined to

23 | decide "whether to embrace" the <u>Wofford</u> construction of section

24 | 2255's savings clause, given that the petitioner in <u>Lorentsen</u>, <u>as
here</u>, was not "actually innocent" of his crime.

25 |

26 |   [8]   Given the 2001 and 2002 rulings of the Florida District
Court, characterization of the present Petition as a <u>de facto</u>

27 | section 2255 motion filed in the wrong venue does not prejudice
Petitioner.  Therefore, the rule regarding characterization

28 | announced in <u>United States v. Seesing</u>, 234 F.3d 456, 463-64
(9th Cir. 2000) has no application to the present case.

1

**RECOMMENDATION**

2

3          For all of the foregoing reasons, IT IS RECOMMENDED that the

4     Court issue an Order: (1) approving and adopting this Report and

5     Recommendation; and (2) denying and dismissing the Petition without

6     prejudice.[9]

7

8          DATED:   February 25, 2008.

9

10                                    /S/
                              _____
11                            CHARLES F. EICK
                              UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24          [9]     As in <u>Escobar v. Clark</u>, 2007 WL 1100307 *2 (N.D. Cal.

25     April 12, 2007) and <u>Folawiyo-Duncan v. United States</u>, 2002 WL
       1349502 *2 (N.D. Cal. June 11, 2002), a transfer to the district
26     of conviction would be futile.  The United States District Court
       for the Northern District of Florida could not entertain this
27     "second or successive" section 2255 motion, absent Eleventh
       Circuit authorization, which has been denied.  <u>See</u> Motion to
28     Dismiss, Exhibit E.

13

1 **NOTICE**

2     Reports and Recommendations are not appealable to the Court of

3 Appeals, but may be subject to the right of any party to file

4 objections as provided in the Local Rules Governing the Duties of

5 Magistrate Judges and review by the District Judge whose initials

6 appear in the docket number.  No notice of appeal pursuant to the

7 Federal Rules of Appellate Procedure should be filed until entry of

8 the judgment of the District Court.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28